# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     CRIMINAL ACTION NO. 2:17-cr-00106

JOE ORVILLE FOOCE, III,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion to Revoke Detention Order and Motion to File Out of Time. (ECF Nos. 22, 23.) The Court **DENIES** the Motion to Revoke Detention Order. The Motion to File Out of Time is **DENIED AS MOOT**.

### I. BACKGROUND

Defendant Joe Fooce was indicted on June 13, 2017 for possessing a firearm, that is, a Savage Model 94 Series M, 12-gauge shotgun, which as modified, had an overall length of less than 26 inches and a barrel of less than 18 inches in length, and which was not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5681(d), 5871. Defendant was arrested on June 15, 2017. The United States filed a motion for detention on the same date, asking the Court to detain Defendant because no conditions of release would reasonably assure Defendant's appearance and the safety of the community. Magistrate Judge Dwane L. Tinsley held a detention hearing on June 20, 2017. The Magistrate Judge asked if the parties had received the Pretrial Services Report and confirmed that neither had any additions or

corrections. (Tr. of Arraignment and Detention Hr'g at 4, ECF No. 20.) After receiving the proffer of the attorneys for both sides, the Magistrate Judge ordered Defendant detained. An Order reflecting the Magistrate Judge's findings was entered on June 21, 2017.

On July 11, 2017, Defendant filed the pending motion to revoke the Magistrate Judge's detention order, along with a motion to excuse the late filing. The United States filed a response on July 18, 2017.

### III. DISCUSSION

Title 18 U.S.C. § 3145(b) provides, in pertinent part, that "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The detained person is allotted fourteen days to file such a motion.[1] Fed. R. Crim. P. 59. A district court is required to make an independent, de novo determination when acting on a timely motion to revoke a magistrate judge's pretrial detention order. *United States v. Stewart*, 19 F. App'x. 46, 48 (4th Cir. 2001) (citing *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir.1992)). The district court is not required to hold an additional evidentiary hearing as part of its review. *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. King*, 849 F.2d 485, 489–90 (11th Cir. 1988).

The Bail Reform Act directs that if, following a hearing, the court finds that no "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community," the court must order the detention of the person prior to trial. 18 U.S.C. § 3142(e). The factors to be considered in determining a defendant's suitability for pretrial release are: (1) the nature and circumstances of the offense charged,

---

[1] Defendant's Motion to Revoke was untimely filed. However, because the Court elects to consider the Motion to Revoke on its merits, the Motion to File Out of Time is **DENIED AS MOOT**.

including whether the offense involves a controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. § 3142(g).

"For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48 (citing *Rueben*, 974 F.2d at 586). With respect to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's presence at future court proceedings. *Id.* (citation omitted). With respect to the safety of others or the community as a basis for detention, the government must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *Id.* (citation omitted); *accord* § 3142(f)(2).

Based upon review of the detention-hearing transcript and Defendant's Pretrial Services Report, the Court concludes that the evidence is clear and convincing that Defendant is a danger to other persons and the community. The Court first considers the nature and circumstances of the offense. Defendant has been charged with illegal possession of a sawed-off shotgun. As noted by the United States Supreme Court, sawed-off shotguns are "not typically possessed by

law-abiding citizens for lawful purposes." *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008). The most recent edition of the United States Sentencing Guidelines recognizes the unique danger posed by such weapons by designating their unlawful possession as a "crime of violence." U.S. Sentencing Guidelines Manual § 4B1.2(a) (2016) (defining the term "crime of violence" in part as "the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a)").

As for the second factor, the weight of the evidence appears strong because law enforcement recovered the sawed-off shotgun from Defendant's possession.

The third factor takes into account Defendant's history and characteristics. Defendant's criminal history provokes concern for the public safety. That history reveals four domestic violence protective orders entered against Defendant, each order sought by a different victim. On July 18, 2016, Defendant was convicted of three counts of violating the most recent protective order. He was fined, directed to participate in the Batterers' Intervention Program, and sentenced to 90 days' incarceration, suspended for six months. Defendant has one conviction for brandishing a deadly weapon and two for driving under the influence. He was also placed on a six-month pretrial diversion program for assault. Currently, Defendant faces pending charges in state court for obstruction and battery on a law enforcement officer. According to the Pretrial Services Report, law enforcement reported to a bar in Dunbar, West Virginia on or about April 29, 2017 to find a female patron locked in the bathroom. The patron explained that she had retreated to the bathroom to protect herself from a man who had allegedly robbed her several days earlier and was now threatening her. Law enforcement located the man, later identified as Defendant, walking outside the bar. Upon catching sight of the officers, Defendant began walking away at an increased rate of speed and allegedly reached for a number of sheathed knives tucked into his waistband. Law enforcement apprehended Defendant, but he resisted arrest and allegedly bit one

officer on the forearm in the process.  Though these latest charges are as yet unresolved, they suggest that Defendant's propensity for violence continues.

All of these concerns are relevant in consideration of the fourth factor, the nature and seriousness of the danger to the community that would be posed by Defendant's release.  By criminalizing the mere possession of an unauthorized sawed-off shotgun, federal law presumes that a person possessing such a weapon is a danger to the community.  Defendant has a long history of domestic violence and other offenses that threaten the public safety.  Further, Defendant's recent protective order violations, coupled with pending state charges involving violent behavior, suggest that Defendant remains a threat to the safety of his community.  Defendant argues that pretrial release with a condition of home confinement could alleviate these concerns.   Given Defendant's history of flouting court orders, the Court is unpersuaded.

In conclusion, the Court finds by clear and convincing evidence that Defendant is a danger to other persons and the community.  The Magistrate Judge's Order detaining Defendant was proper.

## IV.    CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion to Revoke Detention Order. (ECF No. 22.)   Defendant's Motion to File Out of Time is **DENIED AS MOOT**.   (ECF No. 23.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: August 31, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE